IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL W. UKASIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 08-285 |
| | ) |
| T. COLM McWILLIAMS, PATRICK | ) |
| JOHN MELODY, ANN STEVENS, | ) |
| BAR & RESTAURANT SERVICES, | ) |
| LLC, CELTIC RESTAURANTS, LLC, | ) |
| ERIE IRISH PUBS, LLC, | ) |
| HARRISBURG IRISH PUBS, LLC, | ) |
| MOLLY BRANIGANS - ERIE, MOLLY | ) |
| BRANIGANS USA, LLC, MOLLY | ) |
| BRANIGANS - PITTSBURGH, | ) |
| SQUIRREL HILL IRISH PUBS, LLC, | ) |
| SUMMERLIN IRISH PUBS, LLC, | ) |
| MOLLY BRANIGANS MANAGEMENT | ) |
| ARIZONA, LLC, DON BRODIE | ) |
| DEVELOPMENT, ANA PARK IRISH | ) |
| PUBS and JOHN DOES 1-100, | ) |
| entities of unknown nature | ) |
| and capacity, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

This civil action arises out of the failure of Plaintiff,
Carl W. Ukasik, to be paid for electrical services provided in
2004 and 2005 in connection with the opening of an Irish pub in
Mt. Lebanon, Pennsylvania.  For the reasons that follow,
Defendants' motion to dismiss Plaintiff's original RICO Case
Statement will be denied as moot, Plaintiff's motion to schedule
a status conference will be denied, and Plaintiff will be
permitted to file a supplemental brief in opposition to

Defendants' motions to dismiss his Second Amended Complaint and Second Amended RICO Case Statement prior to a ruling on the motions.

## II. BACKGROUND

Plaintiff initiated this civil action on October 17, 2008 by filing a motion for leave to proceed in forma pauperis. (Document No. 1).  The case was assigned to the Honorable Sean J. McLaughlin of the Erie Division of this Court; however, Judge McLaughlin entered an Order of recusal on October 20, 2008.[1] (Document No. 2).  The case was then re-assigned to the Honorable Maurice B. Cohill, Jr., who granted Plaintiff's motion for leave to proceed in forma pauperis.  (Document No. 3).

Plaintiff's original complaint was filed on October 23, 2008.  The complaint, which contained 107 paragraphs, asserted claims against 12 individuals, 12 business entities and 100 John Does for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (Count 1), breach of contract (Count 2), bad faith breach of contract (Count 3), unjust enrichment (Count 4), negligence (Count 5), gross negligence (Count 6), willful misconduct (Count 7), conversion (Count 8), fraud and misrepresentation (Count 9), conspiracy (Count 10), intentional infliction of emotional

---

[1]Plaintiff and the majority of the Defendants reside in Erie, Pennsylvania.  (Document No. 4).  As a result, the case was assigned to the Court's Erie Division.

distress (Count 11) and negligent infliction of emotional distress (Count 12).   (Document No. 4).

On April 13, 2009, Defendants moved to dismiss Plaintiff's complaint on the following grounds: (1) the complaint violates Fed.R.Civ.P. 8(a)(2) which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," (2) the complaint violates Fed.R.Civ.P. 8(d)(1) which requires each allegation of a complaint to be "simple, concise, and direct," (3) the complaint contains redundant, immaterial, impertinent and scandalous matters which the Court may strike under Fed.R.Civ.P. 12(f), (4) the complaint fails to state a civil RICO claim and should be dismissed under Fed.R.Civ.P. 12(b)(6), (5) in light of Plaintiff's failure to state a claim under the federal RICO statute, the Court lacks subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) because Plaintiff's remaining claims are state law claims and diversity of citizenship between Plaintiff and Defendants is lacking, (6) Count 3 of Plaintiff's complaint, which asserts a claim for bad faith breach of contract and seeks punitive damages, does not state a claim under well established Pennsylvania law and should be dismissed, and (7) Plaintiff's tort claims in Counts 5 through 12 should be dismissed under the gist of the action doctrine.   (Document No. 31).

On April 14, 2009, Judge Cohill entered an Order directing Plaintiff to file a RICO Case Statement.   Judge Cohill's Order

also provided that the RICO Case Statement would be treated as an amended complaint; that Defendants' responsive pleading should be filed within 20 days of the filing of the RICO Case Statement; and that upon the filing of the RICO Case Statement, Defendants' motion to dismiss would be denied without prejudice as moot. (Document No. 36).  On April 23, 2009, prior to the filing of Plaintiff's RICO Case Statement, Judge Cohill entered an Order of recusal and the case was assigned to this member of the Court. (Document No. 37).

Plaintiff filed a RICO Case Statement on May 2, 2009. (Document No. 38).  Two days later, the Court denied Defendants' motion to dismiss Plaintiff's complaint without prejudice as moot in accordance with Judge Cohill's April 23rd Order.  On May 22, 2009, Defendants filed a motion to dismiss Plaintiff's RICO Case Statement with a supporting brief and Plaintiff was ordered to file a brief in opposition by June 5, 2009.  (Document Nos. 39 and 40).

On June 3, 2009, rather than filing a brief in opposition to Defendants' motion to dismiss his RICO Case Statement as ordered, Plaintiff filed a First Amended Complaint[2] and a First Amended RICO Case Statement.  (Document Nos. 41 and 42).  By Order dated

---

[2]In fact, this complaint was Plaintiff's second amended complaint.  As noted previously, Judge Cohill's April 23rd Order provided that Plaintiff's RICO Case Statement would be treated as an amended complaint.

June 4, 2009, Defendants were directed to file a supplemental

brief in support of their motion to dismiss to address

Plaintiff's First Amended Complaint and First Amended RICO Case

Statement by June 18, 2009, and Plaintiff was directed to file a

brief in opposition by July 2, 2009.   (R. 45).

Defendants complied with the Court's June 4th Order, filing

a supplemental brief on June 16, 2009.   (Document No. 46).   On

July 2, 2009, Plaintiff filed a brief in opposition to

Defendants' motion to dismiss as ordered, as well as a Second

Amended Complaint[3] and a Second Amended RICO Case Statement.

(Document Nos. 47, 48 and 50).

On July 22, 2009, Defendants filed motions to dismiss

Plaintiff's Second Amended Complaint and Second Amended RICO Case

Statement with supporting briefs.[4]   (Document Nos. 52, 53, 54 and

---

[3]In fact, this complaint was Plaintiff's third amended
complaint.  See footnote 2.  As noted by Defendants, Plaintiff
filed the Second Amended Complaint (as well as the First Amended
Complaint) without seeking leave of Court or obtaining
Defendants' written consent as required by Fed.R.Civ.P. 15(a)(2).
(Document No. 53, p. 7).  In this regard, any additional amended
complaints filed in violation of Rule 15(a)(2) will be stricken.

[4]Due to notices of voluntary dismissal filed by Plaintiff,
only 3 individual Defendants remain in the Second Amended
Complaint.  In addition, Plaintiff omitted claims for bad faith
breach of contract and intentional and negligent infliction of
emotional distress from the Second Amended Complaint.  As a
result, the following claims remain: RICO violations (Count 1),
fraud and misrepresentation (Count 2), conspiracy (Count 3),
breach of contract (Count 4), unjust enrichment (Count 5),
negligence (Count 6), gross negligence (Count 7), willful
misconduct (Count 8) and conversion (Count 9).  (Document No.
47).

55).  Shortly thereafter, Plaintiff's counsel filed a motion to
schedule a status conference asserting that "absent aggressive
judicial intervention in the near future, Plaintiff and Plaintiff
(sic) counsel fear that the current unproductive cycle will
endure much too long."  Counsel concluded the motion as follows:
"WHEREFOR Plaintiff respectfully moves that the honorable Court
hold at its earliest convenience a status conference in the
instant civil action to narrow the issues in dispute and to give
direction to counsel toward resolving pleading issues and moving
the action forward."  (Document No. 56).

## III. DISCUSSION

In light of the filing of Plaintiff's Second Amended RICO
Case Statement on July 2, 2009 and Defendants' motion to dismiss
the statement on July 22, 2009, Defendants' motion to dismiss
Plaintiff's original RICO Case Statement will be denied as moot.
In addition, Plaintiff's motion to schedule a status conference
in light of the filing of Defendants' motions to dismiss his
Second Amended Complaint and Second Amended RICO Case Statement
will be denied.  The issues raised by Defendants' motions to
dismiss are sufficiently narrow and it is not the task of the
Court or opposing counsel to assist Plaintiff in pleading his
claims.  The denial, however, will be without prejudice to
Plaintiff's right to file a supplemental brief in opposition to
the most recent motions to dismiss filed by Defendants.  No other

documents will be considered by the Court in connection with those motions.   After the motions to dismiss are resolved, a case management conference will be scheduled, if appropriate.


William L. Standish
United States District Judge

Date: August 13, 2009